UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/12/2021
```

-----------------------------------------------------------------------X
                                        :

G&G CLOSED CIRCUIT EVENTS, LLC,          :

                Plaintiff,         :

                              :         20-cv-7457 (LJL)

      -v-                   :      MEMORANDUM AND

                              :         ORDER

GERALDO PACHECO and ALGE & DELUCA, LLC,  :

                              :

             Defendants.      :

                              :
-----------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

       Default judgment was entered in favor of plaintiff G&G Closed Circuit Events, LLC ("G&G" or "Plaintiff") against defendants Geraldo Pacheco and Alge & Deluca, LLC (collectively "Defendants"). Dkt. Nos. 26-27. Plaintiff now moves for attorneys' fees and costs. Dkt. No. 28. For the following reasons, Plaintiff's motion is granted in part and denied in part.

       Plaintiff's complaint alleged that Defendants had unlawfully intercepted, received, and exhibited the Saul Alvarez v. Gennady Golovkin, IBF World Middleweight Championship Fight Program including undercard or preliminary bouts on September 16, 2017, in violation of 47 U.S.C. §§ 553(a) and 605(a). In granting default judgment against Defendants, the Court determined that the allegations in Plaintiff's complaint were sufficient to establish liability under both sections 553 and 605. In cases where both sections 553 and 605 were violated, damages should be awarded only under section 605. *Int'l Cablevision, Inc. v. Sykes*, 997 F.2d 998, 10009 (2d Cir. 1993). Plaintiff elected to recover statutory damages rather than actual damages under section 605. The Court awarded statutory damages of $2,500 and enhanced statutory damages of $7,500. The Court also granted Plaintiff's request for 30 days from the date of judgment to submit its motion for attorneys' fees and costs.

47 U.S.C. § 605(e)(3)(B)(iii) provides that a court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  As the aggrieved party who prevailed, Plaintiff requests attorneys' fees in the amount of $1,975 and costs in the amount of $1,269.88, Dkt. No. 29 at 4, and submits the declaration of counsel Joseph P. Loughlin in support of its motion, Dkt. No. 30.  The Court begins with the request for attorneys' fees and then turns to costs.

"A reasonable attorney's fee award is generally determined by the lodestar method, in which the court multiplies the number of hours reasonably spent by an attorney or paralegal assistant by an appropriate hourly rate."  *Joe Hand Promotions, Inc. v. Levin*, 2019 WL 3050852, at *6 (S.D.N.Y. July 12, 2019) (internal quotation marks omitted).  The court "then has discretion to adjust the fee award in light of more subjective factors, such as the risk of the litigation, the complexity of the issues, and the skill of the attorneys."  *New York State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1140 (2d Cir. 1983).  In general, "contemporaneous time records are a prerequisite for attorney's fees in this Circuit."  *Id.* at 1147.  But courts in this Circuit have permitted recovery where "counsel has always maintained at least *some* contemporaneous records."  *Scott v. City of New York*, 626 F.3d 130, 133 (2d Cir. 2010).

Plaintiff seeks $1,975 in fees based on 3.6 hours of attorney time billed at $350 per hour and 7.15 hours of paralegal time billed at $100 per hour.  Dkt. No. 30, Ex. 1.  According to Plaintiff, the billable hours for legal services rendered were reconstructed by way of a review of the files themselves.  *Id.* ¶ 6.  Reviewing the records, the Court finds the responsibilities allocated to each of counsel and the paralegal to be reasonable.  The paralegal prepared drafts of many of the papers including the complaint, the request for a certificate of default, and the motion for a default judgment; counsel reviewed those materials.  The Court, however, will deny

attorneys' fees for the time entries from September 11, 2020 to January 12, 2021 due to the lack of contemporaneous records.  By contrast, Plaintiff is entitled to the full award for the time entries between August 26, 2021 and September 22, 2021.  As Plaintiff submitted its motion for attorneys' fees and costs on September 22, 2021, these entries represent contemporaneous records that detail "the date, the hours expended, and the nature of the work done." *Carey*, 711 F.2d at 1154.  Plaintiff will therefore be awarded $617.50 in attorneys' fees.

With respect to costs, Plaintiff seeks $1,269.88, which includes $400 for the complaint filing fee, $199.88 for service process fees, and $670 in investigative expenses.  Dkt. No. 30, Exs. 1, 2, 3.  "Service and filing fees are costs that the prevailing party may recover as a matter of course under 28 U.S.C. § 1920, the federal cost statute." *Levin*, 2019 WL 3050852, at *6 (internal quotation marks omitted).  Plaintiff is therefore entitled to recover its filing and service process fees.  Regard investigator's fees, courts in this Circuit have disagreed over whether such fees may be awarded under 47 U.S.C. § 605(e).  *See J & J Sports Prods., Inc. v. Doe*, 2007 WL 446351, at *5 (E.D.N.Y. Feb. 6, 2007) (collecting cases).  This question need not be resolved, however, because the invoice for investigative expenses fails to provide sufficient detail to assess the reasonableness of the fees.  Dkt. No. 30, Ex. 2.  "In order to recover investigative costs a plaintiff must make a showing similar to that required to recover attorneys' fees," meaning "a plaintiff must document (1) the amount of time necessary for the investigation; (2) how much the investigators charged per hour; [and] (3) why the investigators are qualified to demand the requested rate." *Doe*, 2007 WL 446351, at *6 (internal quotation marks omitted).  Here, the invoice and Plaintiff's accompanying declaration do not indicate the time required for the investigation, the hourly rate, or the qualifications of the investigators.  The declaration of Plaintiff's counsel that "[b]ased on [his] experience in handling anti-piracy cases, it is [his]

opinion that the fee for the auditor's investigation in this case is a reasonable fee" is insufficient. Dkt. No. 30 ¶ 9.  The Court denies recovery for investigative expenses.  *See, e.g.*, *Doe*, 2007 WL 446351, at *7 ("Because of these deficiencies in the evidence concerning the investigative costs, this Court declines to award such costs."); *G&G Closed Cir. Events, LLC v. Torres*, 2021 WL 2853491, at *3 (S.D.N.Y. July 8, 2021) (same); *G&G Closed Cir. Events, LLC v. Llanos*, 2021 WL 1581079, at *2 (S.D.N.Y. Apr. 22, 2021) (same); *J & J Sports Prods., Inc. v. Silvestre*, 2019 WL 179810, at *7 (S.D.N.Y. Jan. 14, 2019), *report and recommendation adopted,* 2019 WL 3297080 (S.D.N.Y. July 22, 2019) (same); *J & J Sports Prods., Inc. v. Garcia*, 2011 WL 1097538, at *6 (S.D.N.Y. Mar. 1, 2011), *report and recommendation adopted sub nom. J&J Sports Prod., Inc. v. Garcia*, 2011 WL 1046054 (S.D.N.Y. Mar. 22, 2011) (same).   The total cost award is thus $599.88.

For the foregoing reasons, the motion for attorneys' fees and costs is GRANTED IN PART and DENIED IN PART.  Plaintiff is awarded $1,217.38 in fees and costs.

The Clerk of Court is respectfully directed to close Dkt. No. 28 and close the case.


SO ORDERED.

Dated: October 12, 2021                              _____
New York, New York                                         LEWIS J. LIMAN
                                                        United States District Judge

4